UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ALTERRANCE CHARLES  CIVIL ACTION NO. 14-CV-3486

VERSUS  JUDGE DOHERTY

CASTLEPOINT FLORIDA  MAGISTRATE JUDGE HANNA
INSURANCE COMPANY, ET AL

**Memorandum Ruling**
[Rec. Doc. 7]

Pending before the Court for ruling is the plaintiff's Motion to Remand and for Attorney Fees [Rec. Doc. 7] which is opposed by the defendants. Oral argument was heard on the motion on March 31, 2015, at which time discussion was had among the parties and the Court regarding whether a brief period for discovery from key witnesses to the accident prompting this litigation could clarify the issue presented in the remand motion. Ruling on the motion was deferred to allow for that discovery to be undertaken, and the parties have submitted additional briefing and evidence for consideration by the Court. On review and analysis of the record, the applicable law and the submissions of the parties, the motion will be granted.

*Background*:

This litigation arises from a November 15, 2013 multi-vehicle accident in St. Martin Parish, Louisiana. Seven vehicles were involved in the accident. At the

time, Plaintiff Alterrance Charles drove a flatbed 18 wheeler truck on the eastbound portion of Interstate 10.  He has alleged he was rear-ended by two different vehicles.  Defendant Alberto Quiveiro drove an 18 wheeler, alleged to have been directly behind the plaintiff's vehicle and the first vehicle to strike the plaintiff's truck.  Quiveiro was in the course and scope of his employment for WHD Transport, Inc. at the time. The second vehicle alleged to have "crashed into the rear" of the plaintiff's truck was driven by Shawn Butler, a domiciliary of Iberia Parish. According to the pleadings, both collisions caused Charles to sustain severe physical and economic damages. [Rec. Doc. 1-1, p. 2, ¶3]

Suit was originally filed in the 16th Judicial District Court, Parish of St. Martin, on November 13, 2014. The plaintiff named as defendants Castlepoint Florida Insurance Company, its insured Alberto Quiveiro, Quiveiro's employer WHD Transport, Inc., Shawn Butler, and his insurer Progressive Paloverde Insurance Company. [Rec. Doc. 1-1].  On December 23, 2014, the case was removed by Castlepoint and Quiveiro based on diversity jurisdiction, with the movants asserting that although Butler is a Louisiana domiciliary, he was "improperly joined as a defendant simply to defeat diversity jurisdiction." [Rec. Doc. 1, p. 2, ¶6].  The removing defendants also asserted that the amount in controversy exceeds $75,000.00. [Rec. Doc. 1, p. 2, ¶7].

Within the pages of the Notice of Removal, Castlepoint and Quiveiro requested 90 days to pursue discovery on the issue of whether the plaintiff can show any evidence Butler caused or contributed to the plaintiff's injury/damage, or instead whether the legal doctrine of fraudulent joinder applies and Butler was improperly joined in the action to destroy diversity. [Rec. Doc. 1, p. 3, ¶11].

Plaintiff filed the Motion to Remand and for Attorney Fees on January 15, 2015, with supporting evidence. [Rec. Doc. 7]. Plaintiff referenced an independent witness (Tyler Mallet) who gave a written statement as part of the police accident report of the incident declaring that "[a] small silver car rear ended the tow truck, leaving the car pinned beneath the back of the tow truck." [Rec. Doc. 7-1, p. 2]. Plaintiff also referenced a state trooper at the accident scene attempting to slow traffic, suggesting that Butler, the driver of the silver car, failed to heed the warnings of the police officer, resulting in his collision with the plaintiff's flatbed truck. Plaintiff also attached photographs of the Butler vehicle in contact with the rear of his truck.

## Legal Standard and Analysis

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-1254 (5th Cir. 1998). Therefore, the removing

defendants must bear the burden to demonstrate improper joinder. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

Improper joinder may be established by demonstrating either that there was actual fraud in the pleading of jurisdictional facts or by demonstrating the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Central*, 385 F.3d 568, 573 (5th Cir. 2004). As to the second aspect, the removing defendants must show that there is no possibility of recovery by the plaintiff against the in-state defendant based on the factual allegations in the state petition. In other words, the defendants must show that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant even if the factual allegations of the state court petition are true. *Smallwood*, 385 F.3d at 576. When there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, the defendant has been improperly joined. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574.

"Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood* 385 F.3d at 573.

The court is not required to determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but looks only for a possibility that the plaintiff might do so. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). Further, the petition as filed in state court controls the inquiry. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). With respect to matters pleaded in state court, the district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff. *Guillory v. PPG Industries, Inc.*, 434 F.3d at 308.

To determine whether a reasonable basis exists upon which a plaintiff may recover, a Rule 12(b)(6)-type analysis may be utilized or, if the plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may pierce the pleadings and conduct a summary inquiry. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. App'x 911, 915-16 (5th Cir. 2009), citing *Smallwood v. Illinois Central*, 385 F.3d at 573. When utilized, a summary inquiry allows a district court to look beyond the pleadings and consider summary judgment-type evidence. *Anderson v. Georgia Gulf*, 342 Fed. App'x at 916. A summary inquiry should only be used to identify discrete and undisputed facts that would bar a plaintiff's recovery against an in-state defendant. *Anderson v. Georgia Gulf*, 342 Fed. App'x at 916.

*The State Court Petition:*

Plaintiff's allegations against the non-diverse defendant Shawn Butler in the Petition for Damages filed in state court are brief:

> Additionally, the vehicle driven by Defendant Shawn Butler crashed into the rear of Alterrance Charles' vehicle, both of which collisions caused Alterrance Charles to sustain severe physical and economic damages. [Rec. Doc. 1-1, p. 2, ¶3].
> ***
> In addition, it is alleged upon information and belief that the accident and resulting damages sued upon herein were legally caused by the negligence and/or legal fault of Defendant Shawn Butler, which includes but may not be limited to the following negligent acts or omission:
> A. Failure to maintain proper lookout;
> B. Inattentiveness;
> C. Careless operation of a vehicle;
> D. Breaching a legally imposed duty of reasonable care;
> E. Failure to maintain control of his vehicle;
> F. Failure to see what should have been seen; and
> G. Other acts of negligence which may be shown at the trial of this matter and which acts or omissions constituted negligence which is the proximate cause of this accident. [Rec. Doc. 1-1, p. 4, ¶9].

Decisions from the Fifth Circuit have considered three discrete inquiries in making the improper joinder analysis: whether it appears that the plaintiff intended to pursue the non-diverse defendant; whether state law recognizes the cause of action against the non-diverse defendant; and whether the state law petition alleges sufficient facts. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699; *Gray v.*

*Beverly Enters-Miss., Inc.*, 390 F.3d 400, 405(5th Cir. 2004). It is apparent from the pleading that Butler has been named and referenced as a separate and independent defendant alleged to have played a discrete and dissimilar role from the removing defendants in causing injury to the plaintiff. The allegations against Butler are not combined or 'lumped together' with other diverse defendants. Further, the record confirms that Butler was served with the petition. These facts support the inference that the plaintiff intended to actively pursue claims against Butler.

It is also apparent from the pleading that the plaintiff has stated a cause of action against Butler which could possibly be viable under Louisiana negligence law. The Rule 12(b)(6) line establishing whether a complaint states a claim upon which relief can be granted is drawn not between what is "conceivable" and what is "probable," but rather between what is "conceivable" and what is "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951, 173 L.Ed. 2d 868 (2009). The plaintiff must give enough detail about the subject matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *Escuadra v. Geovera Spec. Ins. Co.*, 739 F.Supp.2d 967, 981(E.D.Texas 2010). The undersigned cannot conclude from the face of the

pleadings alone that Shawn Butler was added as a defendant in this action simply to defeat diversity jurisdiction. Further, the defendants do not argue that the plaintiff cannot survive a Rule 12(b)(6) review. That does not end this Court's inquiry, however.

Even if the plaintiff has stated a claim, if he has misstated or omitted discrete facts that would determine the propriety of joinder, the court may pierce the pleadings and conduct a summary inquiry, considering summary judgment-type evidence. *Anderson*, 342 Fed. App'x at 916. The defendants suggest this is such a case. They suggest that there are discrete and undisputed facts omitted from the pleadings which would bar the plaintiff's recovery against Butler, making his joinder as a defendant improper. Given that argument, this Court allowed for a period of limited jurisdictional discovery from three witnesses believed to have key evidence about the case. That discovery has been completed, and the parties have submitted evidence for the Court's review to identify discrete and undisputed facts that would bar the plaintiff's recovery against the in-state defendant.

While there is no dispute that in the accident at issue the Butler vehicle made contact with the rear of the plaintiff's vehicle (a photo submitted with the remand motion [Rec. Doc. 7-3] shows the Butler vehicle came to rest in contact

with the plaintiff's vehicle), the defendants argue that the Butler vehicle was pushed into the rear of the plaintiff's vehicle by impact from the rear by Queviero through no fault of Butler's. Consistent with this argument, photographs offered by the parties show rear-end damage to the Butler vehicle. [Rec. Doc. 16-1]. The other support for the defendants' argument comes from Butler himself during his recent deposition:

> There was a large box truck in front of me, so I couldn't really see anything in front of him. I was looking behind me in my rear view mirror because everything was coming to a stop.
> There was a flatbed truck approaching from behind me. He slowed down. When he was almost stopped, I saw behind him an 18-wheeler coming that was not stopping. Less than, I would say, about maybe five feet before he impacted the flatbed truck, he slammed on his brakes and cut the wheel to the right, and he struck the flatbed truck off center toward the right-hand side. It came forward into me and around my left-hand side, and ended up in front of me; and the 18-wheeler came along the right-hand side of me, and the trailer as it scraped along my car, it drug me back into the flatbed truck. And I couldn't see what happened in front of that. [Rec. Doc. 25-2, Depo pp. 8-9].

The two other key witnesses identified by the parties who were deposed each testified that he had no personal knowledge how the Butler/Charles collision occurred. Tyler Mallet testified that he did not see the impact between the two vehicles at all. [Rec. Doc. 25-1, Depo. p. 32]. He also conceded that his statement in the police accident report was based on speculation about what happened. [Rec.

Doc. 25-1, Depo. pp. 50-52]. Keenan Johns was also deposed and was unable to provide testimony about the collision at issue. [Rec. Doc. 26-2, Depo. p. 20]. The undersigned has not considered the Accident Report itself, since it constitutes hearsay and the statements contained in the report are disputed and/or recanted by the witnesses.

In response to the evidentiary submissions of the defendants, the plaintiff asserts that the testimony of Butler, which would seem to exonerate him totally from any liability of whatsoever kind, is self-serving and unsupported by any other witness. Finally, the plaintiff argues that even if Butler's vehicle was pushed into the plaintiff vehicle, as the record now seems to indicate, that is not an absolute bar to the plaintiff's recovery under Louisiana law, based on provisions of Louisiana Revised Statute 32:81(A):

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

Louisiana jurisprudence establishes a presumption of negligence on the part of the following motorist in a rear-end collision. *Mart v. Hill*, 505 So.2d 1120, 1123 (La. 1987) (In a rear-end collision, the following motorist is presumed to have breached the standard of conduct prescribed in La. R.S. 32:81.). The plaintiff

asserts that the self-serving testimony of the non-diverse defendant, who has also opposed remand, is insufficient to defeat the presumption of negligence or preclude recovery against the in-state defendant. The undersigned agrees. Mindful that the court's inquiry should be focused "on the joinder, not the merits of plaintiff's case," the undersigned finds that despite the record developed to date, the defendants have failed to meet their heavy burden to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against Butler. *Smallwood*, 385 F.3d at 573.

In summary, the plaintiff's state petition contains factual allegations sufficient to render plausible his claims against an in-state, non-diverse defendant. The removing defendants have not carried their heavy burden to show that the defendant Butler was improperly joined to defeat federal jurisdiction. Accordingly, Shawn Butler's citizenship cannot be ignored, and the court lacks original subject-matter jurisdiction under 28 U.S.C. §1332, the only basis upon which this action was removed from state court. The matter should therefore be remanded to the 16th Judicial District Court, Parish of St. Martin, from which it was removed.

***The Attorney Fee Claim:***

The plaintiff also prays for an award of attorneys' fees pursuant to 28 U.S.C. §1447(c). The statute provides that an order remanding a case "may require

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* There is no presumption in favor of awarding fees following a remand, and the use of the term "may" in §1447(c) leaves the district court with discretion, with no heavy congressional thumb on either side of the scales. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). That discretion is guided by the standard that: "Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141. "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Although the plaintiff prevails on his motion to remand, the undersigned finds that the removing defendants had an objectively reasonable basis for removal. Therefore, the plaintiff's request for attorneys' fees will be denied.

## Conclusion

Based upon the foregoing, the Motion to Remand will be GRANTED, and accordingly, this lawsuit will be remanded to the 16th Judicial District Court of Louisiana, St. Martin Parish, upon the expiration of all appropriate appeal delays. The plaintiff's request for attorney fees and costs will be DENIED.

This Remand Order will be **STAYED** for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from

the date of this Order. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the clerk shall remand the action forthwith.

Signed at Lafayette, Louisiana this 14th day of July, 2015.

_____
Patrick J. Hanna
United States Magistrate Judge